IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ANDRE LAMONT JACKSON**, | : | CIVIL ACTION NO. 1:14-CV-0110 |
| Petitioner | : | (Chief Judge Conner) |
| v. | : | |
| **TABB BICKELL**, | : | |
| Respondent | : | |

## MEMORANDUM

Petitioner Andre Lamont Jackson ("Jackson"), entered a plea of guilty on October 28, 1998, in the Court of Common Pleas of Lebanon County, Pennsylvania to robbery, aggravated assault, recklessly endangering another person, terroristic threats, carrying a firearm without a license and possession of a firearm by a minor. (Doc. 1, Doc. 14-1). On December 16, 1998, he was sentenced to five to fifteen years imprisonment in a state correctional institution. On January 22, 2014, he filed this action pursuant to 28 U.S.C. § 2254 challenging the validity of his guilty plea.[1] (Doc. 1). For the reasons set forth below, the petition will be denied as untimely.

**I.   Background**

On March 17, 1998, Jackson was involved in the robbery of a convenience store and the assault of the cashier with a gun. (Doc. 15-1, at 2). In June 1998 he

---

[1] At the time the petition was filed, Jackson was incarcerated in the Chester County Prison. (Doc. 5). He has since been released and currently resides in Pottstown, Pennsylvania.

1

was charged with three counts of robbery, two counts of aggravated assault, and one count each of recklessly endangering another person, terroristic threats, carrying a firearm without a license, and possession of a firearm by a minor. (Id.) On October 28, 1998, he entered a negotiated guilty plea to the charges in the Court of Common Pleas of Lebanon County in exchange for the imposition of an aggregate sentence of five to fifteen years imprisonment. (Id. at 3). On December 16, 1998, the court sentenced him consistent with the plea agreement. (Id. at 3). No direct appeal was filed. (Id.)

On December 4, 2000, Jackson filed a petition for post conviction collateral relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 PA. CONS. STAT. §§ 9541-46. (Doc. 15-1, at 3). On January 10, 2001, the petition was dismissed as untimely and for failure to state a meritorious claim for relief. (Id.) Jackson's appeal to the Pennsylvania Superior Court was untimely, and it was therefore quashed on August 9, 2001. (Id.) He filed a second PCRA on November 9, 2001. It, too, was dismissed as untimely. (Id.) He filed a timely appeal to the superior court but failed to prosecute it and the appeal was dismissed on that basis. (Id. at 4). Jackson filed a third PCRA on May 10, 2004, which was denied on July 1, 2004. (Id.) He appealed the denial to the superior court. Again, the appeal was dismissed based on Jackson's failure to timely prosecute. (Id.) More than seven years later, on August 10, 2011, he filed a fourth PCRA seeking to overcome the time bar based on newly discovered evidence and ineffective assistance of counsel. ~~claims.~~ (Doc. 15-2, at 1). The PCRA court determined that the claims asserted did not fall under

2

the time bar exceptions set forth in 42 PA.C.S. § 9545(b)(1)(i-iii) and rejected the PCRA petition as untimely. (Doc. 15-1, at 4). The PCRA court's decision was affirmed by the superior court on February 15, 2013. (Doc. 15-2, at 1-3).

The instant petition was filed on January 22, 2014. Upon preliminary review, see R. GOVERNING § 2254 CASES R. 4, because the petition may be barred by the statute of limitations, see United States v. Bendolph, 409 F.3d 155, 169 (3d Cir. 2005) (*en banc*) (holding that district courts may *sua sponte* raise AEDPA's one-year statute of limitations, provided that the petitioner is provided with notice and an opportunity to respond) set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), respondent was directed to file a response concerning the timeliness of the petition. Jackson was afforded the opportunity to file a reply. (Doc. 7). On March 24, 2014, a response was filed requesting that the petition be denied as untimely. (Doc. 14). Jackson did not file a traverse.

## II.     Discussion

The court shall "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A petition filed under § 2254 must be timely filed under the stringent standards set forth in the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996). See 28 U.S.C. § 2244(d) (1). Specifically, a state prisoner requesting habeas corpus

relief pursuant to § 2254 must adhere to a statute of limitations that provides, in relevant part, as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> . . .
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2); see Jones v. Morton, 195 F.3d 153, 157 (3d Cir. 1999). Thus, under the plain terms of § 2244(d)(1)(A), a state court criminal judgment does not become final until appeals have been exhausted or the time for appeal has expired. See Nara v. Frank, 264 F.3d 310, 314 (3d Cir. 2001).

Jackson was sentenced on December 16, 1998. Under the plain terms of 28 U.S.C. § 2244(d)(1)(A), a state court criminal judgment does not become final until appeals have been exhausted or the time for appeal has expired. See Nara, 264 F.3d at 314. His time for pursuing a direct appeal expired on January 15, 1999, at which time his judgment became final. The one-year period for the statute of limitations commenced running as of that date. Hence, the federal petition, which was filed on January 22, 2014, is patently untimely. However, the Court's analysis does not end here; consideration of both statutory and equitable tolling must be undertaken.

### A.     Statutory Tolling

Section 2244(d)(2) tolls the one year statute of limitations with respect to the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2).  The statute of limitations began running on January 15, 1999, and expired on January 15, 2000.  Jackson filed his first PCRA petition on December 4, 2000, nearly 11 months after the expiration of the statute of limitations.  A PCRA petition does not toll an expired statute of limitations.  See Long v. Wilson, 393 F.3d 390, 395 (3d Cir.2004) (finding that petitioner's untimely PCRA petition did not statutorily toll the statute of limitations because, *inter alia*, "the limitations period had already run when it was filed").  An untimely PCRA petition is not "properly filed" and, therefore, does not toll the statute of limitations.  See Pace v. Diguglielmo, 544 U.S. 408, 417 (2005) (holding that "[b]ecause the state court rejected petitioner's PCRA petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2254(d)(2).").  See also Merritt v. Blaine, 326 F.3d 157, 167–68 (3d Cir. 2003).  Consequently, the AEDPA statute of limitations is not subject to statutory tolling.

### B.     Equitable Tolling

"Equitable tolling of the limitations period is to be used sparingly and only in "extraordinary" and "rare" circumstances.  See Satterfield v. Johnson, 434 F.3d 185, 195 (3d Cir. 2006); LaCava v. Kyler, 398 F.3d 271, 274-75 (3d Cir. 2005).  It is only in situations "when the principle of equity would make the rigid application of a

5

limitation period unfair" that the doctrine of equitable tolling is to be applied. See Merritt v. Blaine, 326 F.3d 157, 168 (3d Cir. 2003). Generally, a litigant seeking equitable tolling must establish the following two elements: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way." Pace, 544 U.S. at 418.

With respect to the diligent pursuit of rights, petitioner must demonstrate that he or she exercised reasonable diligence in investigating and bringing the claims. See Robinson v. Johnson, 313 F.3d 128, 142 (3d Cir. 2002). Mere excusable neglect is not sufficient. See LaCava, 398 F.3d at 276. Moreover, "the party seeking equitable tolling must have acted with reasonable diligence throughout the period he seeks to toll." Warren v. Garvin, 219 F.3d 111, 113 (2d Cir. 2000) (quoting Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000)).

Extraordinary circumstances have been found where (1) the respondent has actively misled the petitioner, (2) the petitioner has in some extraordinary way been prevented from asserting his rights, (3) the petitioner has timely asserted his rights mistakenly in the wrong forum, see Jones, 195 F.3d at 159, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim. See Brinson v. Vaughn, 398 F.3d 225, 230 (3d Cir. 2005).

Jackson presents absolutely no evidence to account for the delay in pursuing his state court remedies or for his delinquency in seeking relief in federal court. Nor does he indicate that extraordinary circumstances obstructed his pursuit of

post conviction relief in either forum.  Hence, equitable tolling of the AEDPA statute of limitations is not warranted in this case.

### III.    Conclusion

For the reasons set forth above, the petition for writ of habeas corpus will be denied as untimely.

### IV.    Certificate of appealability

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254.  A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  Miller-El v. Cockrell, 537 U.S. 322 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  Here, jurists of reason would not find the disposition of this case debatable.  Accordingly, no COA will issue.

An appropriate order will issue.

        /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

Dated: June 16, 2014